UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:01–cr-00907 |
| | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Vincent Scott Noel, # 24385-050 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Vincent Noel's *pro se* motion captioned "Nunc Pro Tunc Order Modifying Federal Sentence to Run Concurrent with New Jersey Concurrent State Sentence and to Correct Offense Date on Judgment and Commitment Order." Essentially, Defendant requests an order from this Court allowing credit towards his federal sentence for time served in state prison, as well as for time served in pre-sentence custody.

### Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

On December 11, 2007, Defendant Vincent Noel filed the instant action requesting that this Court amend the Judgment and Committment Order to reflect that the Defendant's sentence date should begin on the date of his federal offense, October 23, 2001. He also asks the Court to order the Bureau of Prisons ("BOP") to award credit towards his federal sentence for time he spent in pre-sentence custody, beginning on November 29, 2001. Further, he requests that the Court award credit toward his federal sentence for time he alleges was spent in federal custody after his sentencing date from May 31, 2002 to December 14, 2002.

This Court is without authority or jurisdiction to issue such an order. "Issues regarding sentencing credit for time served are within the jurisdiction of the Bureau of Prisons, and review of such decisions should be filed pursuant to 28 U.S.C. § 2241 (1994) in the district court having jurisdiction over the place where the prisoner is incarcerated." *United States v. Fischer*, No. 96-7077, 1996 WL 659431 (4th Cir. 1996) (unpublished disposition at 100 F.3d 950) (citing *United States v. Wilson*, 503 U.S. 329 (1992)). In other words, Defendant must first exhaust his administrative remedies with the Bureau of Prisons. If unsatisfied, he can then file a § 2241 motion in the district where he is confined.

After a review of the record, the Court concludes that there is insufficient evidence to grant or deny the defendant's request for relief. While the defendant has properly established that the BOP denied his "Request for Administrative Remedy

#463949-F1," there is nothing in the record to indicate that he filed an appeal, within twenty (20) days of the date of his denial, to the Mid-Atlantic Regional Director, as required by the BOP.

Therefore, the Court orders the United States Attorney to file an answer and show cause for denial of the defendant's motion.

### Conclusion

IT IS THEREFORE ORDERED that the United States Attorney file a response to address Noel's motion. This response is due within 30 days of the entry of this order or, if transcripts are required for the response, within 30 days of the receipt of those transcripts.

IT IS FURTHER ORDERED THAT this case be referred to a magistrate judge for a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C..

**IT IS SO ORDERED.**

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April  10 , 2008

Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure

to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.