IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Number 6:01-907 |
| vs. ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| Vincent Scott Noel, #24385-050, ) | |
| ) | |
| Movant. ) | |
| ) | |

      This matter was referred to this court by order of the Honorable G. Ross Anderson, Jr., United States District Judge, filed April 10, 2008, and pursuant to Title 28, U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C.

      On December 11, 2007, the movant filed a motion requesting that this court modify his sentence to reflect that his sentence date should begin on the date of his federal offense, October 23, 2001. He also asks the court to order the Bureau of Prisons ("BOP") to award credit toward his federal sentence for time he spent in pre-sentence custody, beginning on November 29, 2001. Further, he requests that the court award credit toward his federal sentence for time he alleges was spent in federal custody after his sentencing date, from May 31, 2002, to December 14, 2002.

      The government has moved to dismiss the movant's motion for lack of jurisdiction, claiming the movant must exhaust his remedies through the Bureau of Prisons (BOP) prior to filing a motion pursuant to 28 U.S.C. §2241. The government further contends that when seeking credit for time served, a defendant must file a motion pursuant to §2241 in the district of confinement and not the sentencing district. The government

contends that the movant has not exhausted these remedies and that this is not the district of confinement and, therefore, this court Is without jurisdiction to modify his sentence.

## **FINDINGS OF FACT**

1.     On February 1, 2002, the movant entered a plea of guilty to a single count indictment charging him with bank robbery in violation of 18 U.S.C. §2113(a). The movant was sentenced on May 31, 2002, to a term of 70 months. He filed the instant motion to modify his sentence on December 11, 2007. On April 10, 2008, the court directed the government to respond, and the government filed its response on June 20, 2008. The movant elected not to file a reply to the government's response.

2.     This court is without authority or jurisdiction to issue credit for time served in a state prison. "Issues regarding sentencing credit for time served are within the jurisdiction of the Bureau of Prisons, and review of such decisions should be filed pursuant to 28 U.S.C. § 2241 (1994) in the district court having jurisdiction over the place where the prisoner is incarcerated." *United States v. Fischer*, 100 F.3d 950 (4th Cir. 1996) (unpublished) (citing *United States v. Wilson*, 503 U.S. 329 (1992)). Accordingly, the movant should exhaust his administrative remedies with the BOP prior to filing a § 2241 motion. Once he has exhausted these administrative remedies, he can then file a § 2241 motion in the district where he is confined. The record does not contain any evidence that the movant has exhausted his administrative remedies. Therefore, the court is without jurisdiction to review credit for time served.

3.     This court is without jurisdiction to rule on the movant' request for crediting his time served in state prison because he is not confined in the District of South Carolina. *U.S. v. Miller*, 871 F.2d 488, 489-490 (4th Cir. 1989) (holding the district of confinement had jurisdiction to grant relief under § 2241). When a claim for credit of time

served is made, it is a "attack on the computation and execution of the sentence rather than the sentence itself." *Id*. at 490. Therefore, a defendant praying for credit of time served must seek review under 28 U.S.C. § 2241 in the district of confinement and not the sentencing court. *Id*. at 490; *see U.S. v. Brown*, 753 F.2d 455 (5${}^{th}$ Cir. 1985). The movant is confined in the Northern District of West Virginia. Thus, when he has exhausted his administrative remedies, he should file his § 2241 in that district.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the movant's motion to modify his sentence (doc. 27) be denied.

> s/William M. Catoe
> United States Magistrate Judge

July 7, 2008

Greenville, South Carolina