UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:01−cr-00907 |
| | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Vincent Scott Noel, # 24385-050 | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |

This matter is before the Court to review Magistrate Judge Catoe's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c), D.S.C., filed July 7, 2008. For the reasons stated herein, this Court adopts the Recommendation in its entirety.

On December 11, 2007, Movant filed a *pro se* motion captioned "Nunc Pro Tunc Order Modifying Federal Sentence to Run Concurrent with New Jersey Concurrent State Sentence and to Correct Offense Date on Judgment and Commitment Order." Movant requested an order from this Court allowing credit towards his federal sentence for time served in state prison, as well as for time served in pre-sentence custody. On April 10, 2008, the Court issued an Order directing the government to respond to the motion and referring the case to the magistrate. The magistrate now recommends denying the motion for lack of jurisdiction because movant failed to exhaust his remedies through the Bureau of Prisons prior to filing a

motion pursuant to 28 U.S.C. § 2241.  In addition, movant should file his § 2241 motion in the Northern District of West Virginia which is the district where movant is confined.

Movant brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner did not file any objections.

After a thorough review of the Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE ORDERED THAT the movant's motion be DENIED.

**IT IS SO ORDERED**.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August  4 , 2008

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**